**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665
*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CUENCO, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CLUBCORP USA, INC.<br><br>Defendant. | Case No.: **'20CV0774 BEN AHG**<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

## INTRODUCTION

1. Plaintiff Jeffrey Cuenco ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant ClubCorp USA, Inc. ("ClubCorp" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge:

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

3. This Court has general jurisdiction over Defendant because it conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District and because Plaintiff resides and suffered the alleged harm in this District.

## FACTUAL ALLEGATIONS

5. Defendant ClubCorp USA, Inc. has made the unconscionable decision to keep charging its thousands of customers monthly membership fees while closing its private clubs as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

6. Defendant is the operator of more than 200 private clubs[1] throughout the United States, operating in approximately 17 locations in California alone.[2] Defendant offers monthly memberships to its customers that allow them access to "a world of premium benefits across the ClubCorp Network."[3] The monthly membership fees vary in price and range from $120.00 for social memberships to over $800.00 for certain golf club memberships.[4]

7. To sign up for Defendant's month-to-month membership program, customers often provide Defendant with their credit card or debit card information. Defendant then automatically charges its customers' credit or debit cards as payments are due on a monthly basis.

8. In approximately March of 2020, Defendant closed all of its private clubs due to the COVID-19 pandemic. However, unlike most of its competitors, Defendant continued charging its members monthly membership fees— at full price. Defendant is able to unilaterally charge its customers monthly fees without their consent, as it is in possession of its members' debit and credit card information. Thus, Defendant has made the deliberate decision to bilk its customers out of a monthly membership fee while its members do not have access to Defendant's private clubs. The sole reason Defendant's customers pay monthly membership fees is to have access to Defendant's private clubs. Now, Defendant is charging is customers full price while denying customers access to its private clubs.

9. Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers nationwide that have paid or were charged fees while

---

[1] https://www.clubcorp.com/ (last visited April 23, 2020).

[2] https://www.clubcorp.com/Find-a-Club (last visited April 23, 2020).

[3] https://www.clubcorp.com/Membership (last visited April 23, 2020).

[4] https://www.clubcorp.com/content/download/742266/7860466/version/1/file/CVCC2015Membership-Classifications-Flyer3.pdf (last visited April 23, 2020).

Defendant's private clubs were closed for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§1750, *et seq.,* Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.,* False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, for breach of contract, unjust enrichment, and money had and received.

## PARTIES

10. Plaintiff Jeffrey Cuenco is a citizen of California, residing in San Diego County, California. Mr. Cuenco is a current member of Defendant's University Club atop Symphony Towers located in San Diego, paying $184.00 per month on a month-to-month basis. Plaintiff has been a month-to-month member since approximately December of 2018. In approximately March of 2020, Defendant closed its private clubs, including the University Club atop Symphony Towers in San Diego, California that Plaintiff attended. However, on April 17, 2020, Defendant charged Plaintiff's credit card in the full amount of his month-to-month membership— $184.00— even though Plaintiff does not have access to Defendant's private clubs. Further, Defendant has not refunded Plaintiff any part of his monthly fee for the time in which Defendant's private clubs have remained closed. Plaintiff signed up for Defendant's month-to-month membership with the belief and on the basis that he would have access to Defendant's private clubs at any time during the month in which he was charged. Plaintiff would not have paid for the membership, or would not have paid for it on the same terms, had he known that he would not have access to any of Defendant's private clubs. Plaintiff continues to face imminent harm, as Defendant continues charging its customers monthly fees while all of its private clubs remain closed.

11. Defendant ClubCorp USA, Inc. is a Delaware corporation that maintains its principal place of business at 3030 LBJ Freeway, Suite 600, Dallas,

Texas 75234. Defendant is the operator of more than 200 private clubs nationwide, including private clubs in California.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who were charged fees for a period in which Defendant's private clubs were closed.

13. Plaintiff also seeks to represent a subclass defined as all members of the Class who are members at a private club in California (the "California Subclass").

14. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

15. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

16. Plaintiff is a member of the Class and California Subclass he seeks to represent.

17. Defendant has thousands of customers nationwide that have paid or were charged fees while Defendant's private clubs were closed. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

18. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

19. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading advertising and was charged membership fees despite being barred from entry into Defendant's private clubs, and suffered losses as a result.

20. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

21. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST CAUSE OF ACTION

### Violation of California's Consumers Legal Remedies Act
### Cal. Civ. Code §§ 1750, *et seq.*

22. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

23. Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant. Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

24. Plaintiff and Class members are consumers who paid fees for use of Defendant's private clubs for personal, family or household purposes. Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

25. Defendant's private club access that Plaintiff and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

26. Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

27. Defendant's advertising that its private clubs would be available to its customers and that its customers would have access to its private clubs upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its private clubs while continuing to charge its customers the full price of membership.

28. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresented the particular characteristics, benefits and quantities of the services.

29.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

30.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

31.     Plaintiff and the Class acted reasonably when they purchased Defendant's private club memberships on the belief that Defendant's representations were true and lawful.

32.     Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's private club memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all private clubs nationwide are closed; (b) they would not have purchased private club memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's private club memberships based on Defendant's misrepresentations and omissions; and (d) Defendant's private club memberships did not have the characteristics, benefits, or quantities as promised.

33.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA.

Plaintiff will mail an appropriate demand letter consistent with California Civil Code § 1782(a). If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

34. Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

35. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant. Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

37. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

38. Defendant's advertising that its private clubs would be available to its customers, and that its customers would have access to its private clubs upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its private clubs while continuing to charge its customers the full price of private club membership.

39. Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable law as described herein.

40. Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's advertising and its charging of membership fees while its private clubs are closed is of no benefit to consumers.

41. Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendant's private clubs.

42. Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only be charged fees when Defendant's private clubs were open and accessible.

43. Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased or paid for Defendant's private club memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all private clubs nationwide are closed; (b) they would not have purchased private club memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's private club membership based on Defendant's misrepresentations and omissions; and (d) Defendant's private club memberships did not have the characteristics, benefits, or quantities as promised.

### THIRD CAUSE OF ACTION

**Violation of California's False Advertising Law**

**Cal. Bus. & Prof. Code §§ 17500, *et seq.***

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

46. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

47. Defendant engaged in a scheme of charging customers full monthly membership fees while its private clubs were closed. Defendant's advertising and marketing of its private clubs as being accessible during the membership fee period misrepresented and/or omitted the true content and nature of Defendant's services. Defendant knew that these statements were unauthorized, inaccurate, and misleading.

48. Defendant's advertising that its private clubs would be available to its customers during the membership period, and that its customers would have access to its private clubs upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its private clubs while continuing to charge its customers the full price of private club membership.

49. Defendant violated § 17500, et seq. by misleading Plaintiff and the Class to believe that they would be charged fees only when they have access to Defendant's private clubs.

50. Defendant knew or should have known, through the exercise of reasonable care that its advertising of its private clubs as being accessible during the membership period is false and misleading. Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while all of its private clubs were closed.

51. Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because (a) they would not have purchased or paid for Defendant's private club memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all private clubs nationwide are closed; (b) they would not have purchased private club memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's private club membership based on Defendant's misrepresentations and omissions; and (d) Defendant's private club memberships did not have the characteristics, benefits, or quantities as promised.

## FOURTH CAUSE OF ACTION

### Breach of Contract

52. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

53. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

54. Defendant entered into contracts with Plaintiff and Class members to provide access to private clubs in exchange for the payment of membership fees. Defendant has breached these contracts by continuing to charge Plaintiff and Class

members' debit and credit cards while its private clubs remain closed. Plaintiff and Class members have suffered an injury through the payment of membership fees while not having access to Defendant's private clubs.

### FIFTH CAUSE OF ACTION

### Unjust Enrichment

55. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

56. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

57. Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, membership fees while Defendant's private clubs were and remain closed.

58. Defendant has knowledge of such benefits.

59. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendant is charging its customers full price while its private clubs remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's membership fees had the true facts been known.

60. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## SIXTH CAUSE OF ACTION

### Money Had and Received

61. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

63. Defendant received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Class, those membership fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Class.

64. Defendant obtained money in the form of membership fees that were intended to be used to provide private club access to Plaintiff and the Class. However, Defendant has retained all of the membership fees while its private clubs remain closed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment and postjudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated:     April 23, 2020

/s/ Ronald A. Marron
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
MICHAEL T. HOUCHIN
LILACH HALPERIN
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
*Attorneys for Plaintiff and the Proposed Class*