1   Blank Rome LLP
    Ana Tagvoryan (SBN 246536)
2   ATagvoryan@BlankRome.com
    Harrison Brown (SBN 291503)
3   hbrown@blankrome.com
    2029 Century Park East, 6th Floor
4   Los Angeles, CA 90067
    Telephone:  424.239.3400
5   Facsimile:   424.239.3434

6   Attorneys for Defendants
    CLUBCORP USA, INC.,
7   CLUBCORP HOLDINGS, INC.,
    CCA CLUB OPERATIONS HOLDINGS, LLC,
8   CLUBCORP CLUB OPERATIONS, INC.,
    CLUBCORP SYMPHONY TOWERS CLUB, INC.,
9   CLUBCORP SAN JOSE CLUB, INC.

10
                **UNITED STATES DISTRICT COURT**
11
                **SOUTHERN DISTRICT OF CALIFORNIA**
12

13   JEFFREY CUENCO and LINDA HONG,          Case No. 3:20-cv-00774-DMS-AHG
     individually and on behalf of all others
14   similarly situated,                     Assigned to Hon. Dana Sabraw

15                          Plaintiffs,       **REPLY IN SUPPORT OF
                                              MOTION FOR
16           vs.                              RECONSIDERATION OF
                                              MARCH 2, 2021 ORDER
17   CLUBCORP USA, INC., CLUBCORP            REGARDING MOTION TO
     HOLDINGS, INC., CCA CLUB               COMPEL ARBITRATION**
18   OPERATIONS HOLDINGS, LLC,
     CLUBCORP CLUB OPERATIONS, INC.,         Hearing:
19   CLUBCORP SYMPHONY TOWERS                Date:     April 16, 2021
     CLUB, INC., CLUBCORP SAN JOSE           Time:     1:30 P.M.
20   CLUB, INC., and DOES 1 to 10, inclusive, Place:    13A

21                          Defendants.

22

23

24

25

26

27

28

## I.     INTRODUCTION.

As an initial matter, Defendants filed the Motion for Reconsideration precisely in the interests of finality and conservation of judicial resources—both because the evidence is already sufficient on the record and also because Plaintiffs' purported discovery needs grossly overreach the discreet issue presented by the Court in its Order on the Motion to Compel Arbitration ("Order"), Dkt. 36. Instead of addressing the narrow basis on which Defendants ask the Court to reconsider its ruling on the Motion to Compel Arbitration ("Motion to Compel Arbitration"), Plaintiffs attempt to conflate and confuse the issues. First, Plaintiffs assert that a party may not raise new arguments or present new evidence if it could have raised them earlier, but then assert that Defendants' motion should be denied because they fail to raise new arguments. This argument is simply inapposite because Defendants have argued for reconsideration on the basis of clear error, not new arguments or evidence. Next, while Plaintiffs concede that the standard for finding incorporation by reference has nothing to do with whether the arbitration terms are *actually provided* to Plaintiffs, they go on to argue that a dispute remains because the terms (in the Bylaws) were not *actually provided*. *See* Opp. 1:14, 3:16-17; 6:1-3. Here, again, the question is not whether the Bylaws were provided, but whether they were available in fact. They were. California law does not excuse one from a contract because he or she failed to read it or ask for the incorporated terms.

Plaintiffs' attempt to create an issue as to availability by arguing that the Membership Application did not give them instructions on how to request or access the arbitration terms is a red herring.  The law does not require that the contract that incorporates the arbitration agreement be specific as to *where and how* to find the arbitration terms. Rather, the law requires simply that the document containing the arbitration terms be referenced in the contract and called to the attention of the other party and be available upon request. Therefore, Plaintiffs' analysis is not

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING MOTION TO COMPEL ARBITRATION

relevant or dispositive and should be rejected.[1] Moreover, Plaintiffs' attempt to factually distinguish the cases in Defendants' brief is unpersuasive. Here, there was no genuine dispute regarding the Bylaws' availability prior to signing the membership agreements. The Court acknowledged that Defendants' declarants both attested to the fact that the Bylaws are available upon request, by mail and email. Defendants <u>did not</u>, and cannot, refute this factual assertion. Defendants thus met their burden of proving that an agreement to arbitrate exists *by a preponderance of the evidence* and all other questions regarding enforceability should be left for the arbitrator. The Court should grant Defendants' Motion for Reconsideration and grant the Motion to Compel Arbitration.

Finally, despite the very narrow basis upon which the Court denied the Motion to Compel Arbitration without prejudice, Plaintiffs have requested to take discovery on "contract formation," the "imposition of the arbitration provision on Defendants' members," all versions of the Bylaws, when each was posted to the online membership portals, and whether Plaintiffs themselves received copies. Plaintiffs fail to explain why this discovery is needed—in fact, it is not. The Order leaves no room to re-argue issues already considered by the Court. Moreover, they are irrelevant to the analysis. If the Court is inclined to affirm its denial of the Motion to Compel Arbitration without prejudice, Defendants ask to know what further evidence the Court needs to evaluate the "easily available" factor for incorporation by reference.

## II.     DEFENDANTS HAVE SHOWN CLEAR ERROR.

As the Court recognized, under California law, "[a] contract may validly include the provisions of a document not physically a part of the basic contract."

---

[1] Nor was this analysis part of the Court's Order. And to the extent it was not raised in the original briefing by Plaintiffs as a relevant fact, it has been waived. *See Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994), *aff'd*, 89 F.3d 845 (9th Cir. 1996).

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING MOTION TO COMPEL ARBITRATION

1    *Wolschlager v. Fidelity Nat'l Title Ins. Co.*, 111 Cal. App. 4th 784, 790 (2003)

2    (internal quotation marks omitted). "For the terms of another document to be

3    incorporated into the document executed by the parties[,] the reference must be

4    clear and unequivocal, the reference must be called to the attention of the other

5    party and he must consent thereto, and the terms of the incorporated document must

6    be known or easily available to the contracting parties." *Id.*; Dkt. No. 36, 7:11-14.

7        As to the third requirement, which was the only basis of the Court's Order,

8    the Court erred in finding that the terms of the arbitration agreement in the Bylaws

9    were not easily available to Plaintiffs. This is especially true because the Federal

10   Arbitration Act ("FAA") "leaves no place for the exercise of discretion by a district

11   court, but instead mandates that district courts *shall* direct the parties to proceed to

12   arbitration on issues as to which an arbitration agreement has been signed." *Dean*

13   *Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158

14   (1985) (emphasis in the original).

15       Here, despite the fact that Defendants demonstrated the Bylaws were

16   available upon request by mail or email, the Court still considered the irrelevant

17   circumstance that Defendants did not "provide[] any direct evidence that

18   Defendants provided a copy of the Bylaws to Plaintiffs via mail or email." Dkt. No.

19   36, 7:26-27. Whether Defendants provided a copy is irrelevant to finding

20   incorporation by reference.  Moreover, the subsequent statement by the Court that

21   Defendants' discussion of the online membership portal "does not address whether

22   or how an *applicant* for admission would gain access to the Bylaws" is incomplete

23   because it does not consider the fact that the applicants could request them in a

24   variety of other ways.  *Id.*, 8:11-12.  The important question is whether the Bylaws

25   were available to Plaintiffs upon request, and the preponderance of the evidence

26   shows that they were. Moreover, Plaintiffs do not contend that the Bylaws were *not*

27   available upon request.

28

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING
MOTION TO COMPEL ARBITRATION

1    To be sure, in *Lemberg*, the court held that the defendants' retailer

2  agreements incorporated by reference defendants' policies and procedures, which

3  included an arbitration provision, where: (1) the retailer agreements explicitly

4  referenced and stated that the policies and procedures are incorporated by reference,

5  (2) "[d]efendants submitted a declaration stating that *if a retailer or potential new*

6  *retailer requested the Policies and Procedures, [defendants] would provide it to the*

7  *retailer or potential new retailer*," and (3) the policies and procedure were available

8  to the retailer on defendants' intranet. *Lemberg v. LuLaRoe, LLC*, No.

9  EDCV1702102ABSHKX, 2018 WL 6927844, at *3,*4 (C.D. Cal. Apr. 17, 2018).

10  After recognizing that the policies and procedures were available to plaintiff by

11  email, the court further held that "*while it seems that retailers are not able to access*

12  *[the intranet] **until they have agreed to the Retailer Agreement,** courts have*

13  *concluded that consumers assented to arbitration agreements in scenarios where*

14  *the **arbitration agreement was provided after the consumers had already agreed***

15  ***to receive the products or services***. *Id.* at *4 (citing *Amirhamzeh v. Wells Fargo*

16  *Bank, N.A.*, 2014 WL 12610227, at *1–2 (N.D. Cal. Oct. 31, 2014) (holding that the

17  consumer was bound to arbitrate where consumer "did not receive the Terms and

18  Conditions materials that included the arbitration agreement until after enrolling in

19  the service") (emphasis added)). The court noted, "[r]egardless, [d]efendants put

20  forth evidence stating that if a potential new retailer requested the Policies and

21  Procedures, [defendants] would provide it to the potential new retailer,

22  demonstrating that the Policies and Procedures were easily available to [p]laintiffs."

23  *Id.* This is all the *Lemberg* court needed to find that an agreement to arbitrate

24  existed. Only after reaching this conclusion did the *Lemberg* court go on to

25  recognize that "[a]dditionally," two of the three versions of the agreement at issue

26  also indicated "where a potential new retailer may access the Policies and

27  Procedures." *Id*. But finding this factor neither dispositive nor defeating the

28  preponderance of the other evidence properly before it, including with respect to the

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING
MOTION TO COMPEL ARBITRATION

third version of the agreement (that did not have such instruction), the court held that all three versions of the retailer agreements incorporated the defendants' policies and procedures by reference. *Id.*

*Koffler* similarly defeats Plaintiffs' assertion that arbitration terms are easily available only when the signed contracts provide instructions on how to access them. *Koffler Elec. Mech. Apparatus Repair, Inc. v. Wartsila N. Am.*, Inc., No. C-11-0052 EMC, 2011 WL 1086035 (N.D. Cal. Mar. 24, 2011). In *Koffler*, the purchase order that Plaintiff signed made reference to the General Terms and Conditions, without any indication or reference to arbitration terms within those General Terms and Conditions [in Defendants' case, by contrast, the Application *did* call out arbitration specifically]. *Id*. at *3. When analyzing whether the purchase order "clearly and equivocally" referenced the incorporated document, the court found that it did. *Id*. at *4. When the *Koffler* court then addressed the "easily available" factor of the doctrine of incorporation, it found it was met solely upon the fact that the purchase order stated that the company would provide the General Terms and Conditions upon request. *Id*. The court did not require any other evidence, nor did it opine that this statement is required, but only that the fact it existed fulfilled the defendant's burden of demonstrating accessibility, based on an "objective" standard. *Id*. Here, Defendants similarly made a showing that the Bylaws were available upon request, through undisputed declarations, and Plaintiffs' assertions that they did not know to request them absent explicit notice in the contract itself is a red-herring.[2]

Plaintiffs' reading of *Botorff* is similarly misplaced, and misleading. Plaintiffs claim that in *Botorff*, "the defendant provided all customers, including the

---

[2] Plaintiffs never contended, nor could they, that the Bylaws were not available upon request, a fact that the *Koffler* court found relevant. Moreover, here, unlike in *Koffler*, and as the Court noted, the Membership Application itself calls out that the Bylaws contain provisions "for the arbitration of disputes." Order, at 6:8-12.

plaintiff, a physical copy of the document containing the arbitration clause when the customers rented the equipment." Opp. 5:23-25. Not so. The rental contracts, which plaintiff signed, and which referenced a separate Addendum that happened to also have an arbitration clause, were the only documents provided to plaintiff. *Botorff v. Amerco*, No. 2:12-CV-01286-MCE, 2012 WL 6628952, at *2 (E.D. Cal. Dec. 19, 2012). *After* the plaintiff had signed the contracts and paid the fees was plaintiff given the Addendum with the arbitration clause. *Id*. The rental contracts not only failed to call out that the Addendum had arbitration terms, but it also provided no instruction as to whether and how the Addendum could be obtained. *Id*. at *1. Indeed, the court even acknowledged that the Addendum was provided to plaintiff after signature (but before vehicle pick up) as a business practice, but yet found that the arbitration clause contained within the Addendum was "easily available" to the plaintiff because "plaintiff does not [] argue that the Addendum was not available to her prior to signing the rental contracts." *Id*. at *4.  The court noted that "so long as the arbitration terms are available upon request," regardless of whether plaintiffs are told so, the arbitration agreement is validly incorporated by reference. *Id*. at *5. "The fact that Plaintiff had not been provided with the [Addendum] prior to signing the rental contracts has no bearing on the enforceability of the arbitration agreement contained within the Addendum." *Id*. The facts in *Lucas* are similar, where the folder jacket with the arbitration agreement was made available to plaintiff *after* renting the vehicle. *Lucas v. Hertz Corp.*, 875 F. Supp. 2d 991 (N.D. Cal. 2012).

As in *Koffer* and *Bortoff,* the Membership Bylaws were easily available to Plaintiffs here and the applications they signed even went one step further by putting Plaintiffs on notice that an arbitration provision was included therein. The cases relied upon by Defendants are not distinguishable from the instant matter. Moreover, the minor nuances in the cases are inconsequential to the Court's analysis. The case law not only supports but requires a finding that the Court committed clear error in denying Defendants' Motion to Compel Arbitration. No

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING
MOTION TO COMPEL ARBITRATION

1   case holds that the signed contracts should provide instructions on how to access

2   the document with the arbitration clause for it to be easily available. All that is

3   needed is a showing that the arbitration agreement was indeed "available."

4   Defendants made that showing through two declarations.[3]

5          In sum, there was no genuine factual dispute regarding the Bylaws'

6   availability prior to signing the membership agreements.  Whether or not Plaintiffs

7   were actually provided the Bylaws, or whether Plaintiffs had access to them *online*

8   prior to submitting their Membership Applications do not compel the conclusion

9   that Defendants have not met their burden or that the Bylaws were not otherwise

10  easily available. Accordingly, there was clear error in denying the Motion to

11  Compel Arbitration and Defendants' Motion for Reconsideration should be granted.

12  **III.    PLAINTIFFS' DISCOVERY ARGUMENT IS UNPERSUASIVE.**

13          Although this Court did not find issue with respect to any other part of

14  Defendants' Motion to Compel Arbitration, Plaintiffs attempt to create additional

15  issues in an effort to broaden the scope of permissible discovery under Section 4 of

16  the FAA. Plaintiffs feign dispute with respect to what versions of the Bylaws were

17  available to them through their online accounts, but no genuine dispute as to the

18  versions of the Bylaws exist, and the Court did not find any. *See* Reply, Dkt. No.

19  31, pp. 5-6. Thus, "arbitration related discovery" into issues not related to the

20  question of whether the Bylaws were "easily available" per the factors set out by

21  courts in this Circuit would not only be irrelevant, but also burdensome and

22  harassing to Defendants, defeating the low evidentiary standard for arbitration and

23  the presumption in favor of arbitrability under the FAA. The Court should identify

24  what additional facts it would need to consider for purposes of finding that the

25  "easily available" standard for the doctrine of incorporation has been met.

26

27  [3] Indeed, although not the only fact here, several cases hold that providing the
    arbitration agreement *after* a contract which references the arbitration has already

28  been signed is still acceptable. *See infra*.

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING
MOTION TO COMPEL ARBITRATION

1

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Reconsideration and direct Plaintiffs to arbitrate their claims on an individual, non-class basis pursuant to the Bylaws. In the alternative, Defendants request an order permitting limited discovery regarding the issue of the availability of the Bylaws.

DATED: April 9, 2021                    BLANK ROME LLP

By:_____
        Ana Tagvoryan
        Harrison Brown
        Attorneys for Defendants CLUBCORP USA,
        INC., CLUBCORP HOLDINGS, INC., CCA
        CLUB OPERATIONS HOLDINGS, LLC,
        CLUBCORP CLUB OPERATIONS, INC.,
        CLUBCORP SYMPHONY TOWERS
        CLUB, INC., CLUBCORP SAN JOSE
        CLUB, INC.

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On April 9, 2021, I served the foregoing document entitled **REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING MOTION TO COMPEL ARBITRATION** on the interested parties in this action as follows:

☒ **By Electronic Filing:** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the CM/ECF users listed on the attached <u>Service List</u> were served:

Executed on April 9, 2021, at Sunland, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
DIA S. ALESSI

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING MOTION TO COMPEL ARBITRATION

1

## <u>SERVICE LIST</u>

2

3      LAW OFFICES OF RONALD A. MARRON          *Attorneys for Plaintiffs*

4      Ronald A. Marron, Esq.
       Michael T. Houchin, Esq.

5      Lilach Halperin, Esq.
       651 Arroyo Drive

6      San Diego, California 92103

7      Telephone:  (619) 696-9006
       Facsimile:   (619) 564-6665

8      Email:        ron@consumersadvocates.com

9                    mike@consumersadvocates.com
                     lilach@consumersadvocates.com

10

11     BURSOR & FISHER, P.A.                    *Attorneys for Plaintiffs*

12     L. Timothy Fisher, Esq.
       Yeremey Krivoshey, Esq.

13     1990 North California Blvd., Suite 940

14     Walnut Creek, CA 94596
       Telephone:  (925) 300-4455

15     Facsimile:   (925) 407-2700

16     E-Mail:       ltfisher@bursor.com
                     ykrivoshey@bursor.com

17

18

19

20

21

22

23

24

25

26

27

28

159138.00601/125618646v.3                11                3:20-cv-00774-DMS-AHG

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MARCH 2, 2021 ORDER REGARDING
MOTION TO COMPEL ARBITRATION