UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CUENCO and LINDA HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLUBCORP USA, INC., CLUBCORP HOLDINGS, INC., CCA CLUB OPERATIONS HOLDINGS, LLC, CLUBCORP CLUB OPERATIONS, INC., CLUBCORP SYMPHONY TOWERS CLUB, INC., CLUBCORP SAN JOSE CLUB, INC., and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:  20cv774 DMS (AHG)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND (2) GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

On March 2, 2021, this Court issued an order denying Defendants' motion to compel arbitration.  (*See* ECF No. 36.)  In the moving papers, Defendants asserted the arbitration agreements were included in the Bylaws of each Plaintiff's Club, and noted that the Bylaws were incorporated by reference into each Plaintiff's application for membership in their respective Club.  In their opposition to the motion, Plaintiffs addressed the incorporation by reference issue head-on, arguing that the elements of that doctrine were not met.

Specifically, Plaintiffs relied on *Chan v. Drexel Burnham Lambert, Inc.*, 178 Cal. App. 3d 632, 644-45 (1986), and argued there was no incorporation by reference of the Bylaws because (1) the Bylaws were not made available to Plaintiffs until after their applications were submitted, (2) the membership applications did not provide Plaintiffs with any instructions about how to access the Bylaws, and (3) Plaintiffs never received a copy of the Bylaws.  In their reply brief, Defendants specifically disputed Plaintiffs' assertion that the Bylaws were not available to Plaintiffs, but did not dispute Plaintiffs' other two points.  Defendants also discussed *Chan*, and explained why it was distinguishable from this case.  Neither side, however, gave the issue of incorporation by reference the attention it deserved.  Nevertheless, the Court found the issue to be dispositive, and focused on incorporation by reference in denying Defendants' motion.  Specifically, the Court found there was "a factual dispute about whether the Bylaws were readily available to Plaintiffs when they submitted their [membership] applications, and hence, whether the Bylaws were incorporated by reference into those applications." (ECF No. 36 at 8.)

Within a week of that Order, Defendants filed the present motion for reconsideration in which they argue the Court committed clear error in its application of the law to the facts of this case.  Plaintiffs filed an opposition in which they dispute the Court committed clear error, and argue Defendants have not otherwise met the standard for reconsideration.  After reviewing the parties' briefs and the newly cited case law therein, the Court received argument from counsel on the motion.  After hearing those arguments, and having a clearer and more complete record, the Court now grants the motion for reconsideration, and on reconsideration, grants the motion to compel arbitration.

## I.

## MOTION FOR RECONSIDERATION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  As mentioned above,

Defendants argue reconsideration is warranted here because the Court committed clear error when it found the Bylaws, with their arbitration provisions, were not "readily available" to Plaintiffs.

To show clear error, Defendants must show there is a "definite and firm conviction that a mistake has been committed[.]" *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004) (citing *In re Banks*, 263 F.3d 862, 869 (9th Cir. 2001)). Defendants offer several arguments to show that standard is met here. First, they argue the Court applied the wrong legal standard. Specifically, they argue the Court required evidence that Plaintiffs actually received the Bylaws when the applicable standard is simply whether the Bylaws were known or easily available to Plaintiffs. The Court rejects this argument. In the Order, the Court set out the applicable legal standard, (*see* ECF No. 36 at 7, lines 11-14), and applied that standard to the facts of this case. Although the Court stated Defendants' Declarants did not provide "any direct evidence that Defendants provided a copy of the Bylaws to Plaintiffs via mail or email[,]" (*id.*, lines 26-27), that statement was offered in the context of determining whether the Bylaws were "readily available" to Plaintiffs. It was not the standard the Court applied, nor was it the basis for the Court's ruling. It was simply one factor the Court considered.

Next, Defendants assert the Court misunderstood the "readily available" test. They contend that test is met if the document is available upon request or if the document is provided after the agreement is signed. In support of this contention, Defendants cite a number of district court cases, but none of those cases sets out any sort of rigid test for determining whether a document is "readily available." Rather, as the Court stated in its previous Order, "[w]hether a document purportedly incorporated by reference was 'readily available' is a question of fact." *Baker v. Osborne Dev. Corp.*, 159 Cal. App. 4th 884, 895 (2008) (quoting *Chan*, 178 Cal. App. 3d at 644-45).

In this case, the relevant, undisputed facts are as follows: Each Plaintiff submitted an application for membership to one of Defendants' Clubs. Pursuant to those applications,

Plaintiffs agreed to "conform to and be bound by" their respective Club Bylaws. The applications also stated:

> I/WE ACKNOWLEDGE THE MEMBERSHIP BYLAWS AND THE RULES AND REGULATIONS PROVIDE THE DETAILS OF THE CLUB'S MEMBERSHIP POLICIES, CONDUCT AND OBLIGATIONS, INCLUDING, BUT NOT LIMITED TO, PROVISIONS IN THE EVENT OF DIVORCE, FOR ARBITRATION OF DISPUTES, RESIGNATION, REDEMPTION OF MEMBERSHIPS, FINANCIAL OBLIGATIONS, DISCIPLINARY ACTION, RELEASE OF LIABILITY FOR PERSONAL INJURY AND THEFT. **I/WE HEREBY FULLY RELEASE AND DISCHARGE THE CLUB, ITS EMPLOYEES, AGENTS, SHAREHOLDERS, MEMBERS, MANAGERS, AFFILIATES AND ASSIGNS FROM ANY LIABILITY, INJURY, LOSS, DAMAGE OR CLAIM ARISING FROM MY/OUR USE OF THE CLUB FACILITIES**.

There is no dispute the Bylaws were not provided to Plaintiffs when they submitted their applications. However, there is also no dispute that Defendants would have provided the Bylaws to Plaintiffs upon request. There is also no dispute the Bylaws were available to Plaintiffs through their private online membership portal after their membership applications were approved.

Neither side has cited a case on all fours with the facts of this case. In their opposition to the motion to compel, Plaintiffs likened this case to *Chan*, but that analogy is inapt. In *Chan*, the court found the parties' contract "failed to *clearly* and *unequivocally* refer to the incorporated document" where "[t]he reference was amorphous, and did not guide the reader to the incorporated document." 178 Cal. App. 3d at 643. That was the basis for the court's finding that there was no incorporation by reference, but that fact is not present here. On the contrary, the membership applications at issue in this case clearly and repeatedly called out the Club Bylaws, and specifically made reference to "arbitration of disputes."

The case that most resembles the one presently before the Court is *Lemberg v. LuLaRoe, LLC*, No. EDCV1702102ABSHKX, 2018 WL 6927844 (C.D. Cal. Apr. 17, 2018). Defendants did not cite this case in the briefing on their motion to compel

arbitration, but it figures prominently in their motion for reconsideration. In that case, the plaintiffs entered into Retailer Agreements with the defendant. *Id.* at *2. The Retailer Agreements incorporated by reference the defendant's Policies and Procedures, which contained an arbitration provision. *Id.* Like Defendants here, the defendant in *Lemberg* "submitted a declaration stating that if a retailer or potential new retailer requested the Policies and Procedures, LLR would provide it to the retailer or potential new retailer." *Id.* at *4. The defendant in *Lemberg* also made copies of the Policies and Procedures available on its intranet, which the plaintiffs had access to after they entered into the Retailer Agreements, *id.*, similar to the way in which the Bylaws were available to Plaintiffs in this case after their membership applications were approved. Based on those facts (and others not present in this case)[1], the *Lemberg* court held the defendant's Policies and Procedures, and its arbitration provision, were easily available to the plaintiffs, and thus, the elements of incorporation by reference were met.

Although this case is not factually identical to *Lemberg*, the factual similarities set out above provide a useful comparison for this Court. Based on those factual similarities, this Court finds the reasoning of *Lemberg* persuasive, and adopts the conclusion reached there, namely that the elements of incorporation by reference are met in this case, as well. In light of this finding, the Court grants Defendants' motion for reconsideration, and turns now to the merits of Defendants' motion to compel arbitration.

## II.

## MOTION TO COMPEL ARBITRATION

Defendants move to compel arbitration of Plaintiffs' claims pursuant to the arbitration clauses in their respective Club Bylaws. For the University Club, of which

---

[1] In *Lemberg*, unlike here, the defendants also presented evidence that persons interested in becoming Retailers often received a copy of the Retailer Agreement and the defendant's Policies and Procedures from existing Retailers. *Id.* Also unlike the facts of this case, the *Lemberg* court noted that two versions of the Retailer Agreement told potential new Retailers where they could find the defendants' Policies and Procedures. *Id.*

Plaintiff Cuenco was a member, Defendants assert the arbitration clause in the applicable Bylaws[2] provides as follows:

> Any controversy … arising out of, or relating in any way to these Bylaws, or the Rules and Regulations, or any Member's membership shall be settled by binding arbitration administered by an arbitrator selected by the American Arbitration Association (the 'Arbitrator'), in accordance with its rules. A judgment upon an award rendered by the Arbitrator may be entered in any court having jurisdiction. The initiating party shall give written notice to the other party of its decision to arbitrate by providing a specific statement setting forth the nature of the dispute, the amount involved, the remedy sought, and the hearing locale requested. The initiating party shall be responsible for all filing requirements and the payment of any and all fees according to the rules of the Arbitrator. The Arbitrator shall award to the prevailing party, if any, as determined by the Arbitrator, all of its costs and expenses including reasonable attorney's fees, Arbitrator's fees, and out-of-pocket expenses of any kind. The Owner and Member agree that the Arbitrator cannot award more than the Initiation Payment paid for the membership pursuant to the Member Candidate's Application, and in no event shall the Owner or the Club be liable for any incidental, indirect, speculative, special, consequential, punitive, or exemplary damages of any kind. The parties agree to waive any right to trial by jury as well as any rights to appeal the final arbitration finding (but not the waiver of any rights to make interlocutory appeals with respect to any preliminary or procedural arbitration findings.) The arbitration shall be limited solely to the dispute or controversy between the Member, the Owner and the Club, except that affiliates of the Owner and the Club may also participate at the sole election of the Owner and the Club. Member cannot act as a class representative, a private attorney general or in any representative capacity, or participate as a member of a class with respect to claims that are subject to arbitration hereunder.

---

[2] Plaintiffs argue Cuenco's membership application did not identify which version of the Club Bylaws applied to him. The most reasonable interpretation of the contract, however, is that the applicable Bylaws were the ones in effect when Cuenco submitted his application. According to Defendants, those were the July 1, 2013 version, which included the arbitration clause set out below. (*See* Decl. of Brian Lee in Supp. of Reply to Mot. to Compel ¶3.)

(Decl. of Brian Lee in Supp. of Mot. to Compel ("Lee Decl."), Ex 2 at § 7.5.)[3]

Plaintiffs' first argument in opposition to Defendants' motion to compel arbitration (other than their incorporation by reference argument) is that they did not provide their assent to the arbitration clause. Specifically, Plaintiffs assert their membership applications were unenforceable browsewrap agreements. Browsewrap agreements exist "where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014). The critical feature of a browsewrap agreement is that it "'does not require the user to manifest assent to the terms and conditions expressly ... [a] party instead gives his assent simply by using the website.'" *Id.* (quoting *Hines v. Overstock.com, Inc.*, 668 F.Supp.2d 362, 366–67 (E.D.N.Y.2009)). Here, Plaintiffs have not shown their membership applications were browsewrap agreements. On the contrary, Cuenco signed his application, in which he agreed to "conform to, and be bound by" the Club Bylaws, (*see* Lee Decl., Ex. 3), and Hong was required to check a box indicating her acceptance of the Club's terms and conditions as part of the application process. (*See* Decl. of Dani Bongatti in Supp. of Mot. to Compel ¶5, Ex. 5.) Under these circumstances, the Court disagrees with Plaintiffs that their membership applications were browsewrap agreements. Rather, the Court finds Plaintiffs assented to the contracts and the arbitration clauses contained therein.

The next issue is whether the arbitration clauses were valid. Plaintiffs argue they were not due to procedural and substantive unconscionability. Defendants respond that the validity issue was delegated to the arbitrator, and that the arbitration clauses are not unconscionable in any event. Plaintiffs did not address the delegation argument in their opposition to the motion to compel, which could be construed as a concession. Regardless,

---

[3] The arbitration provision for the Silicon Valley Capital Club, of which Plaintiff Hong was a member, is substantially the same, with a few minor modifications, none of which requires separate discussion here.

the Court agrees with Defendants that the issue of validity was delegated to the arbitrator by virtue of the agreement's incorporation of the rules of the American Arbitration Association ("AAA").  *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (holding "that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability.")  This Court therefore declines to address Plaintiffs' unconscionability arguments, and instead leaves those issues for the arbitrator.

## III.
## CONCLUSION

In light of the discussion above, Defendants' motion for reconsideration is granted, and on reconsideration, Defendants' motion to compel arbitration is granted, as well.[4]  The Court hereby stays this case to permit the arbitrator to decide the questions of arbitrability, and then, if permissible to arbitrate the substantive claims.  Within 14 days of the completion of the arbitration proceedings, the parties shall submit a joint report to the Court advising of the outcome of the arbitration, and request to dismiss the case or vacate the stay.

**IT IS SO ORDERED**.

Dated:  June 16, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[4] In light of the Court's findings above, namely, that the parties did enter into an agreement to arbitrate and that the agreement delegates arbitrability to the arbitrator, Plaintiffs' request to take arbitration-related discovery is denied.